**Boyd McDOWELL III, et al., Plaintiffs,**

v.

**Louis SULLIVAN, etc., Defendant.**

**No. 90 C 4724.**

United States District Court,
N.D. Illinois, E.D.

Aug. 20, 1990.

Boyd McDowell III, McDowell & Colantoni, Ltd., Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Attorneys Boyd McDowell III ("McDowell") and Anthony Colantoni ("Colantoni") have just sued Department of Health and Human Services Secretary Louis Sullivan ("Secretary"), asserting Secretary's failure to perform the obligations imposed on him by 42 U.S.C. § 300aa–10(c): [1]

> The Secretary shall undertake reasonable efforts to inform the public of the availability of the [National Vaccine Injury Compensation] Program. [2]

Based on its initial review of the Complaint, [3] this Court sua sponte orders McDowell and Colantoni to address the subject matter jurisdictional concern expressed in this opinion.

There is no question that McDowell and Colantoni have accurately invoked the literal provisions of Section 300aa–31(a) (emphasis added):

> Except as provided in subsection (b) of this section [a provision that Complaint ¶ 9 says McDowell and Colantoni have already complied with], *any person* may commence in a district court of the United States a civil action on such person's own behalf against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this part. [4]

But the concern of this Court, which like all federal courts is one of limited jurisdiction, is that Congress cannot of course override the inherent jurisdictional limitations imposed by the Constitution *itself.*

Article III permits federal courts to deal only with "cases" or "controversies." That limitation is sometimes spoken of in "standing" terms, although that terminology is potentially problematic because "standing" partakes of *both* a constitutional branch and a prudential branch. But what is important for present purposes is that the Supreme Court has never deviated from its recognition of the Article III constitutional limitation, even in the so-called citizen suit situation—see, e.g., *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 65 n. 5, 108 S.Ct. 376, 385 n. 5, 98 L.Ed.2d 306 (1987):

> See also *Warth v. Seldin,* 422 U.S. [490], at 501 [95 S.Ct. 2197, 2206, 45 L.Ed.2d 343] ("Art. III's requirement remains: the plaintiff still must *allege* a distinct and palpable injury to himself ...") (emphasis added); *Linda R.S. v. Richard D.,* 410 U.S. 614, 617 [93 S.Ct. 1146, 1148, 35 L.Ed.2d 536] (1973) ("[W]e have steadfastly adhered to the requirement that ... federal plaintiffs must *allege* some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction") (footnotes omitted; emphasis added); *Baker v. Carr,* 369 U.S. 186, 204 [82 S.Ct. 691, 703, 7 L.Ed.2d 663] (1962) ("Have the [plaintiffs] *alleged* such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions?") (emphasis added).

It takes only a moment's thought to see that Congress cannot leapfrog over the Article III command that the *party* to any litigation must be involved in the "case" or "controversy." *Linda R.S.,* 410 U.S. at 616–17, 93 S.Ct. at 1148 (all but one citation omitted) has put the matter well:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

1. All further citations to Title 42 provisions will simply take the form "Section—."

2. [Footnote by this Court] Any further references to that program will follow the lead of Section 300aa–10(c) and the following statutory sections by referring simply to the "Program."

3. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

4. [Footnote by this Court] Indeed, the all-inclusiveness of the statutory reference to "any person" appears to be confirmed by the fact that Section 300aa–31 is captioned "Citizen's actions" (though of course it is well-established that the title of a statutory enactment forms no part of the statute itself).

Recent decisions by this Court have greatly expanded the types of "personal stake[s]" which are capable of conferring standing on a potential plaintiff. But as we pointed out only last Term, "broadening the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury." *Sierra Club v. Morton*, 405 U.S. 727, 738 [92 S.Ct. 1361, 1368, 31 L.Ed.2d 636] (1972). Although the law of standing has been greatly changed in the last 10 years, we have steadfastly adhered to the requirement that, at least in the absence of a statute expressly conferring standing,[3] federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.[4]

Both referenced footnotes must be read for a full understanding of the textual meaning:

[3] It is, of course, true that "Congress may not confer jurisdiction on Art. III federal courts to render advisory opinions," *Sierra Club v. Morton*, 405 U.S. 727, 732 n. 3 [92 S.Ct. 1361, 1365 n. 3] (1972). But Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute, See, *e.g., Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 212 [93 S.Ct. 364, 368, 34 L.Ed.2d 415] (1972) (White, J., concurring); *Hardin v. Kentucky Utilities Co.*, 390 U.S. 1, 6 [88 S.Ct. 651, 654, 19 L.Ed.2d 787] (1968).

[4] One of the leading commentators on standing has written, "Even though the past law of standing is so cluttered and confused that almost every proposition has some exception, the federal courts have consistently adhered to one major proposition without exception: One who has no interest of his own at stake always lacks standing." K. Davis, Administrative Law Text 428–429 (3d ed. 1972).

Nearly two decades have passed since Professor Davis wrote, and there is at least as much clutter and confusion today as there was then. But there need be no such confusion as to the thrust and scope of the quoted footnote 3. Assume for example that an environmental statute such as the Clean Water Act, which does contain a provision for citizen-suit enforcement by adversely-affected parties (33 U.S.C. § 1365(g)), had done so instead through an all-embracing enabling section comparable to Section 300aa–31(a). Surely Congress could not thereby confer on a citizen of (say) Ohio the right to come into a federal court to complain that a Chicago-area manufacturer with riparian property was polluting the waters of Lake Michigan. Any such attempt would certainly seem to run afoul of Article III.

When those principles are applied to the current case (whether viewed in terms of the statute on its face or the statute as sought to be applied to enable suit by McDowell and Colantoni), serious constitutional difficulties emerge. All that McDowell and Colantoni allege is this (Complaint ¶ 3):

A substantial portion of McDowell's and Colantoni's practice is the representation of vaccine injured persons and they represent over 250 vaccine injured plaintiffs. Both have been directors of the Association of Trial Lawyers of America's Vaccine Litigation Group and members of several organizations interested in the issues relating to the victims of vaccine injury. Colantoni has served as a member of the Advisory Commission on Childhood Vaccines to the Secretary of Health and Human Services.

Suffice it to say that McDowell and Colantoni seem to be on the uphill side of any attempt to scale the Article III mountain. They are ordered to file a memorandum in this Court's chambers on or before August 27, 1990 (with a copy of course to whatever office or offices within the federal government they have caused to be served with the Complaint) addressing the issues identified here. This Court is directing a copy of this opinion to the office of the United States Attorney for this District, to facilitate that office's identification of the proper government lawyer to receive and be aware of this opinion.